IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANWAR LEWIS GAGE | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-170 |
| UNITED STATES OF AMERICA | § | |

## **MEMORANDUM OPINION REGARDING VENUE**

Plaintiff, Anwar Lewis Gage, an inmate confined at FCC Coleman in Florida, proceeding *pro se*, filed this civil action against the United States of America.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### The Complaint

Plaintiff filed a handwritten complaint on April 4, 2019, listing the United States of America as the sole defendant. Plaintiff titled the complaint Motion Pursuant to 42 U.S.C. § 1987 Prosecution. Plaintiff complains of his criminal conviction in *United States v. Gage*, 6:18-CR-14 out of the Eastern District of Texas, Tyler Division. Plaintiff seeks declaratory relief stating the acts and omissions complained of violate his rights under the United States Constitution, compensatory damages, punitive damages, and release from prison. Plaintiff's § 2255 motion to vacate, set aside, or correct sentence is still pending in the Tyler Division. Because plaintiff only sues the United States of America, the action is properly construed as tort claim against the United States under the Federal Tort Claims Act.

## Discussion

Venue in cases under the Federal Tort Claims Act is governed by the provisions of 28 U.S.C. § 1402, which provides that a "civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Because plaintiff is not a resident in this judicial district, venue must be satisfied through the place of the act or omission.

Plaintiff's complaint pertains to his criminal conviction out of the Eastern District of Texas, Tyler Division. It is clear that all of the events or omissions giving rise to his claims occurred in the Eastern District of Texas, Tyler Division. Venue, therefore, is not proper in the Eastern District of Texas, Beaumont Division.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a). Plaintiff's claims should be transferred to the Eastern District of Texas, Tyler Division. An appropriate order so providing will be entered by the undersigned.

SIGNED this 16th day of September, 2019.

_____
Zack Hawthorn
United States Magistrate Judge